Ronald JONES, Attorney-in-fact for Voncile Jones, Appellant,

v.

MISSOURI BAPTIST MEDICAL CENTER, BJC Healthcare d/b/a Missouri Baptist Medical Center, BJC Health Systems d/b/a Missouri Baptist Medical Center, and Ballas Anesthesia Inc., Respondents.

No. ED 103041

Missouri Court of Appeals,
Eastern District,
DIVISION TWO.

Filed: May 3, 2016

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 2016

Application for Transfer Denied September 20, 2016

Ross T. Anderson, 412 Missouri Avenue, East St. Louis, IL. 62201, for appellant.

Steven S. Wasserman, Lisa A. Larkin (Co–Counsel), John F. Mahon, Jr. (Co–Counsel), 100 North Broadway, 21st Floor, St. Louis, Mo. 63102, for respondent.

Before Philip M. Hess, P. J., Gary M. Gaertner, Jr., J. and Angela T. Quigless, J.

---

## ORDER

PER CURIAM

Voncile Jones ("Plaintiff") appeals the trial court's judgment dismissing her medical malpractice action against Respondents Ballas Anesthesia, Inc., Missouri Baptist Medical Center, BJC Health Systems, and BJC Healthcare. The trial court found Plaintiff's petition was barred by § 516.105 RSMo 2000, the medical malpractice statute of limitations, and that § 516.170 did not apply to toll the statute. In her three points on appeal, Plaintiff asserts the trial court erred in dismissing her petition because: (1) under § 516.170, Plaintiff's continuing mental incapacity tolled the two-year statute of limitations set forth in § 516.105; (2) her case was timely refiled pursuant to the savings statute set forth at § 516.230; and (3) any construction of §§ 516.170 and 516.105 barring Plaintiff's claim was unconstitutional.

We have reviewed the briefs of the parties and the record on appeal and find the claim of error to be without merit. An extended opinion would have no precedential value. We have, however, provided a memorandum opinion only for the use of the parties setting forth the reasons for our decision.

We affirm the judgment pursuant to Rule 84.16(b).